```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RUEDIGER ALBRECHT,

                    Appellant,              MEMORANDUM & ORDER
                                             17-CV-0592(JS)

          -against-

ROSEMARY IDA MERGENTHALER, DEAN
OSEKAVAGE, R. KENNETH BARNARD, MARK
CUTHBERTSON, and UNITED STATES TRUSTEE,

                    Appellees.
----------------------------------------X
SEYBERT, District Judge:
```

Currently pending before the Court is an appeal filed by Ruediger Albrecht ("Appellant"), a creditor, from three orders issued by Judge Robert E. Grossman in Appellee Rosemary Mergenthaler's ("Mergenthaler" or "the Debtor") Chapter 7 bankruptcy proceeding. (See In re Mergenthaler, BR No. 15-72040.) On November 28, 2016, Appellant filed a Notice of Appeal in this Court seeking review of: (1) an order granting a motion to sell the property at 3 Wood Edge Court, Water Mill, New York pursuant to 11 U.S.C. § 363 (the "Sale Order") (see Sale Order, Barnard Reply Ex. A, Docket Entry 5-1; In re Mergenthaler, BR No. 15-72040, Docket Entry 241); and (2) two orders dismissing an adversary proceeding commenced by Appellant (the "Dismissal Orders")[1] (see Dismissal Orders, Barnard Reply Exs. B-C, Docket

---

[1] The Notice of Appeal was received by the Clerk of the Bankruptcy Court on November 28, 2016 but was not docketed with

FILED
CLERK
2/14/2018 4:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Entries 5-2 to 5-3; Albrecht v. Mergenthaler, BR No. 16-08015, Docket Entries 16, 17).

As background, the Debtor and her husband, Peter Mergenthaler, are well known to this Court. Over the last two years, they filed ten bankruptcy appeals before this Court in an effort to prevent their former residence, located at 3 Wood Edge Court, Water Mill, New York (the "Property") from being sold to satisfy a lien held by Osekavage.[2] The Court issued several opinions addressing the appeals, each time finding the arguments to be meritless. See, e.g., Mergenthaler v. Osekavage, No. 16-CV-2466, 2018 WL 451642 (E.D.N.Y. Jan. 17, 2018); Mergenthaler v. Barnard, No. 15-CV-05078, 2016 WL 3080808 (E.D.N.Y. May 27, 2016); Mergenthaler v. Thaler, No. 15-CV-2034 (E.D.N.Y Apr. 29, 2015). On September 21, 2016, this Court barred Mergenthaler from "filing any additional cases, motions, or appeals concerning the assets in her bankruptcy estate before this Court without first obtaining written permission from the Court." Mergenthaler v. Barnard, Nos. 16-CV-4390, 15-CV-5078, 2016 WL 5173261, at *2 (E.D.N.Y. Sept. 21, 2016). Shortly thereafter, Appellant--a friend of Mergenthaler--

---

this Court until February 1, 2017. (See Not. of Appeal, Docket Entry 1.)

[2] The actions filed by the Mergenthalers bear the following case numbers: 15-CV-2031, 15-CV-2032, 15-CV-2033, 15-CV-2034, 15-CV-5078, 15-CV-7301, 16-CV-1113, 16-CV-2466, 16-CV-4390, and 17-CV-0615.

filed this appeal challenging several orders, including the Sale Order.

At a hearing on March 6, 2017, Appellees Dean Osekavage ("Osekavage") and R. Kenneth Barnard ("Barnard") made an oral motion to dismiss the appeal. (Oral Mot., March 6, 2017.) Appellant filed his response on April 4, 2017 (Appellant's Br., Docket Entry 4), and Barnard and Osekavage filed reply briefs in further support of their motion on April 12, 2017 and April 13, 2017, respectively. (Barnard Reply, Docket Entry 5; Osekavage Reply, Docket Entry 7.) Without Court leave, Appellant filed a reply brief on May 31, 2017.[3] (Appellant's Reply, Docket Entry 10.)

DISCUSSION

I. Legal Standard

On appeal, this Court reviews the Bankruptcy Court's "legal conclusions de novo and its factual findings for clear error." Townsend v. Ganci, 566 B.R. 129, 133 (E.D.N.Y. 2017). Factual findings are clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" In re Thakur, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting In re AMR Corp.,

---

[3] Because the Court-Ordered briefing schedule did not provide for a reply brief, the Court will disregard it. (See Minute Entry, March 6, 2017, Docket Entry 3.)

490 B.R. 470, 475 (S.D.N.Y. 2013)). The district court reviews mixed questions of law and fact de novo. Id.

II. Appeal of the Sale Order

On September 15, 2016, Barnard filed a motion to sell the Property pursuant to 11 U.S.C. § 363(b). (See In re Mergenthaler, BR No. 15-72040, Barnard Mot., Docket Entry 224.) On November 13, 2016, Judge Grossman granted Barnard's motion. (See Sale Order.) The sale closed on December 8, 2016, and substantially all of the proceeds have been distributed. (Barnard Reply ¶ 23.) Appellant had a lien on the Property, but because the lien was determined to be junior to Osekavage's lien, it does not appear that Appellant received any proceeds from the sale. (Barnard Reply ¶¶ 14-15; Appellant's Br. at 4, ¶ 4.)

Barnard and Osekavage argue that the appeal of the Sale Order must be dismissed because the appeal is statutorily moot pursuant to 11 U.S.C. § 363(m) ("Section 363(m)"). (Barnard Reply ¶ 29.) Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). The Second Circuit has held

4

that Section 363 "'bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal.'" Lynch v. Vaccaro, 566 B.R. 290, 300 (E.D.N.Y. 2017) (quoting In re WestPoint Stevens, Inc., 600 F.3d 231, 247 (2d Cir. 2010)). In other words, Section 363(m) limits the reviewing court's jurisdiction, and "'absent an entry of a stay of the Sale Order, [courts] only retain authority to review challenges to the good faith aspect of the sale.'" Id. (quoting WestPoint, 600 F.3d at 248) (internal quotation marks omitted; alteration in original); see also 23 Jefferson St. LLC v. 636 Assets, Inc., Nos. 14-CV-7150, 14-CV-7171, 2015 WL 5037343, at *3 (E.D.N.Y. Aug. 24, 2015) ("Section 363(m) . . . sharply curtails appellate review of an unstayed bankruptcy court order approving a sale of property."). This rule ensures that "the uniquely important interest in assuring the finality of a sale" is protected. Lynch, 566 B.R. at 300.

When no stay was sought and the reviewing court's inquiry is limited to whether the purchase was made in good faith, "'good faith is lost only by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" 23 Jefferson St., 2015 WL 5037343, at *4 (quoting In re Gucci, 126 F.3d 380, 390 (2d Cir. 1997)). Further, if the bankruptcy court found that the sale was made to

5

a good-faith purchaser, "the appeal is moot unless appellants can establish that such a finding is clearly erroneous." Id.

As the sale was authorized pursuant to Section 363(b), (See Sale Order at 7), and Appellant did not seek a stay of the Sale Order, the only issue is whether the buyer purchased the Property in good faith. Moreover, because Judge Grossman found that the purchase was made in good faith, (see Sale Order at 5-6), Appellant must show that Judge Grossman's finding was clearly erroneous to prevail.[4] The Court finds that Appellant has failed to show any bad faith on the part of the purchaser. On the contrary, Appellant does not attack the sale, but instead focuses on the distribution of the proceeds--an issue not before this Court. (See Appellant's Br. at 3 ("[T]his appeal contests the court order being appealed regarding its manner of distributing the assets of the estate, not regarding the sale of the Property . . . .").) As Barnard points out, Appellant appears to challenge the allocation of the funds, which was approved in a separate Order on July 25, 2016. (See Approval Order, Barnard Reply Ex. H, Docket Entry 5-8; In re Mergenthaler, BR No. 15-72040, Docket Entry 201.)

Because Appellant has not shown that the bankruptcy court's good faith finding was clearly erroneous, the appeal of

---

[4] In the Sale Order, Judge Grossman noted that Appellant did not object to the sale at that time. (See Sale Order at 5.)

6

the Sale Order is statutorily moot. Therefore, the appeal of that order is DISMISSED. See Lynch, 566 B.R. at 301; 23 Jefferson St., 2015 WL 5037343, at *5; Sabatini Frozen Foods, LLC v. Jones, No. 11-CV-1294, 2013 WL 1345104, at *6 (E.D.N.Y. Mar. 29, 2013).

III. Appeal of the Dismissal Orders

Barnard argues that the appeal from the Dismissal Orders should be dismissed as untimely. (Barnard Reply ¶¶ 24-28.) On October 17, 2016, Judge Grossman issued two orders dismissing an adversary proceeding commenced by Appellant. (See Dismissal Orders.) As discussed, the Notice of Appeal was filed on November 28, 2016. Federal Rule of Bankruptcy Procedure 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). Therefore, because Appellant failed to file the Notice of Appeal by October 31, 2016, the appeal of the Dismissal Orders is DISMISSED.[5]

CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED, and this appeal is DISMISSED. Appellees are directed to mail a copy of this Order to the pro se parties and file proof of

---

[5] Additionally, Appellant appears to have abandoned these appeals. In his brief responding to the motion to dismiss, he does not address the Dismissal Orders and identifies only the Sale Order as the subject of the appeal. (See Appellant's Br. at 2-3.)

7

service on ECF promptly.  The Clerk of the Court is directed to mark the case CLOSED.  Should Appellant seek <u>in forma pauperis</u> status on appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for purposes of an appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                SO ORDERED.

                                /s/ JOANNA SEYBERT_____
                                Joanna Seybert, U.S.D.J.

Dated:      February __14__, 2018
            Central Islip, New York

Cc:         Ruediger Albrecht, <u>pro se</u>
            3 Cordsstr 22609
            Hamburg, Germany

            Rosemary Ida Mergenthaler, <u>pro se</u>
            32 Eastville Avenue
            Sag Harbor, New York 11963